UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:12-cr-00117-WWE |
| | : | |
| IOANNIS PAPACHRISTOU | : | |
|     (Papadakos *et al.*) | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO GRANT A TRIAL WITHIN A REASONABLE TIME OF HIS ARREST**

Defendant Ioannis Papachristou has been in custody since May 23, 2012, on charges that he conspired to distribute and to possess with intent to distribute narcotics. Jury selection is scheduled for June 23, 2014, with trial to follow. Papachristou contends that the lengthy delay between his arrest and trial is a violation of his Sixth Amendment right to a speedy trial and warrants dismissal of the case against him. For the following reasons, Papachristou's motion to dismiss will be denied.

## BACKGROUND

On May 9, 2012, after a long investigation conducted by a Task Force of the Drug Enforcement Administration, which included several months of authorized wiretaps on five telephones, this Court issued criminal complaints and authorized the arrest of five of Papachristou's coconspirators. These individuals were arrested pursuant to these warrants, and on May 23, 2012, a grand jury returned an indictment, charging the arrested defendants and all but one of their remaining coconspirators with various drug trafficking offenses. Papachristou was named in Count One of this indictment, charging him with conspiracy to distribute and to possess with intent to distribute narcotics, namely, 500 grams or more of cocaine and unspecified amounts of oxycodone and marijuana. With the filing of this indictment, a warrant for Papachristou's arrest was issued. However, he was not immediately apprehended on the warrant. Information was developed by the

investigators indicating that Papachristou had left the District of Connecticut soon after his coconspirators were arrested pursuant to criminal complaints. It was not until approximately one month later, on June 13, 2012, that he was arrested and taken into custody. That arrest occurred in Las Vegas in the District of Nevada. Papachristou has been in custody since his arrest. Trial of this case has been scheduled with jury selection on June 23, 2014, and testimony scheduled to begin the following day.

## DISCUSSION

"To determine whether trial delays caused a violation of a defendant's constitutional speedy trial right, we must, in each case, consider the public and private interests at stake by balancing four factors set forth by the Supreme Court. Those factors are: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right in the run-up to the trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly." U.S. v. Ghailani, 733 F. 3d 29, 36-37 (2d Cir. 2013). None of the four factors, individually, is necessary or sufficient to the finding that a defendant's speedy trial rights have been violated. "Rather they are related factors and must be considered together with such other circumstances as may be relevant." Barker v. Wingo, 407 U.S. 514, 533 (1972).

Based upon the balancing of these four factors, Papachristou's rights under the speedy trial clause of the Sixth Amendment have not been violated.

When trial commences, Papachristou will have been detained for approximately 24 months. This length of time falls within the range of delays that the Second Circuit has upheld as constitutional. See U.S. v. Vazquez, 918 F.2d 329, 337 (2d Cir. 1990) (26 months); U.S. v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980) (24 months); U.S. v. Infanti, 474 F.2d 522, 527 (2d Cir.

1973) (28 months).

"The first of the Barker factors, the length of the delay, is in effect a threshold question: by definition, a defendant cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." U.S. v. Cain, 671 F.3d 271, 296 (2d Cir. 2012). Promptness on the part of the government necessarily relates to the second factor: the reasons for the delay. Here, the delay was particularly reasonable considering the large number of defendants (16), the abundance of discovery, the complexity of the case, and the high volume of motions. Indeed, Papachristou alone has filed over 30 motions to date. The defendants have collectively filed multiple motions to suppress wiretap evidence and physical evidence, which proved particularly complex and time-consuming. See U.S. v. Briggs, 697 F.3d 98, 102 (2d Cir. 2012) (noting that the defendant joined various motions and, therefore, bore some of the blame for his trial's delay).

This case involves sixteen defendants charged in seventeen different counts. The evidence consists of thousands of recordings or wire intercepts, numerous law enforcement surveillance activities and reports, controlled narcotics purchases, voluminous drug records, and telephone records. Much time has been requested by the defendants to review the copious discovery material. While the government has requested brief extensions to respond to defendants' voluminous motions, these requests were generally made because defendants made additional motions outside of the Court's set briefing schedule. Papachristou consented to all such extensions.

In sum, Papachristou's long detention was justified by "the inherent complexities of this large multi-defendant case, which presents defense counsel with voluminous discovery to absorb

and the court with myriad motions to address." Briggs, 697 F.3d at 102.  As in Briggs, there has been "no intentional, unwarranted delay by the prosecution," and "most of the delay was attributable to the continuances requested by the defendant's [fifteen] co-defendants and the complexities inherent in a [sixteen]-defendant case." Id.

The government concedes that Papachristou's timely assertion of his speedy trial rights weighs in his favor.  Moreover, the government has moved for speedy trial exclusion of time five times.

Finally, Papachristou has not demonstrated prejudice.

As the Second Circuit has recognized, "[a]lthough a showing of prejudice is not a prerequisite to finding a sixth amendment violation, courts generally have been reluctant to find a speedy trial violation in the absence of genuine prejudice." U.S. v. Jones, 129 F.3d 718, 724 (2d Cir. 1997).

The Supreme Court in Barker explained the purpose of the prejudice inquiry:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

Barker, 407 U.S. at 532.

Here, Papachristou has not argued that the delay has impaired his defense.  He has moved multiple times for his release from custody, but the Court, after briefing and oral argument, has consistently found that Papachristou's pretrial incarceration is not oppressive despite any anxiety it may cause him.  Indeed, after his fifth adverse decision by this Court on the issue, Papachristou

appealed to the Second Circuit, who again denied his motion for release.

Based on the totality of the circumstances of this case, Papachristou's Sixth Amendment right to a speedy trial has not been violated.

## CONCLUSION

For the foregoing reasons, Papachristou's motion to dismiss [Doc. # 813] is denied.

Dated this 12th day of June, 2014, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE