UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>IOANNIS PAPACHRISTOU<br>   (Papadakos *et al.*) | No. 3:12-cr-00117 (JAM) |

## RULING ON PENDING MOTIONS RE: WIRETAPS

Defendant Ioannis Papachristou has filed an "Appeal and Motion for Reconsideration of Magistrate's Ruling" (Doc. # 847), which denied defendant's prior motion to compel production of *Brady* and other favorable evidence re minimization (*see* Doc. # 836). The appeal seeks review only of Magistrate Judge Fitzsimmons' determination not to require the government to produce any minimization plan that agents may use to decide when to minimize (*e.g.*, discontinue monitoring and recording) wiretapped calls. In accordance with the questions posed by the Court at the oral argument of this motion on June 19, 2014, the Court concludes that any internal guidance document that the government may use for purposes of determining when monitoring agents should minimize a wiretapped call does not have material exculpatory or impeachment value under *Brady v. Maryland*, 373 U.S. 83 (1963), in the absence of defendant's identifying specific calls in which he believes appropriate steps were not taken to minimize.

Defendant Papachristou has also filed a Motion to Suppress Wiretaps (Doc. # 848) on grounds that the federal court in the District of Connecticut did not have territorial jurisdiction to authorize the wiretaps in this case and that the government failed to comply with minimization protocols. Defendant's territorial jurisdiction argument is foreclosed for the reasons set forth in

1

the Court's prior ruling on this same issue establishing that the communications at issue were first heard in Connecticut (Doc. # 876 at 3-4). Nor has defendant Papachristou established by reference to any specific telephone call that the government has failed to comply with the wiretap statute's minimization requirement or with any internal policies that it may have governing agents' monitoring and minimization responsibilities. Accordingly, there is no basis to conclude that law enforcement agents did not observe reasonable safeguards against excessive intrusion. *See, e.g., United States v. Nersesian*, 824 F.2d 1294, 1307 (2d Cir. 1987). Even assuming a violation of any internal guidance policies, defendant Papachristou has not demonstrated that a violation of an internal policy—as opposed to a violation of the Constitution or the wiretap statute—would be grounds for a remedy of suppression. *See, e.g., United States v. Felipe*, 148 F.3d 101, 109 (2d Cir. 1998).

Accordingly, defendant Papachristou's Appeal and Motion for Reconsideration of Magistrate's Ruling (Doc. # 847) and Motion to Suppress Wiretaps (Doc. # 848) are both DENIED.

It is so ordered.

Dated at Bridgeport this 22nd day of June 2014.

/s/
Jeffrey Alker Meyer
United States District Judge